IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| TOM BORTHWICK, derivatively on behalf of SWISHER HYGIENE, INC., | : | |
| Plaintiff, | : | |
| vs. | : | |
| STEVEN R. BERRARD, MICHAEL J. KIPP, DAVID O. BRALEY, JOHN ELLIS BUSH, HARRIS W. HUDSON, H. WAYNE HUIZENGA, WILLIAM D. PRUITT, DAVID PRUSSKY, RICHARD L. HANDLEY and MICHAEL SERRUYA, | : : : : | **NOTICE OF REMOVAL** <br><br> **From Mecklenburg County Superior Court NC** |
| Defendants, | : | **Case No. 13-CVS-12397** |
| and | : | |
| SWISHER HYGIENE, INC., | : | |
| Nominal Defendant. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

PLEASE TAKE NOTICE that, for the reasons set forth below, Swisher Hygiene, Inc. ("Swisher"), by and through its counsel, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 to remove this action from the General Court of Justice, Superior Court Division of Mecklenburg County, State of North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division.

In support of this Notice of Removal, Swisher states as follows:

## BACKGROUND

1. On July 11, 2013, plaintiff Tom Borthwick ("Plaintiff") commenced this action by filing a complaint (the "Complaint") in the State of North Carolina, General Court of Justice, Superior Court Division captioned *Tom Borthwick, derivatively on behalf of Swisher Hygiene, Inc. v. Steven R. Berrard, Michael J. Kipp, David O. Braley, John Ellis Bush, Harris W. Hudson, H. Wayne Huizenga, William D. Pruitt, David Prussky, Richard L. Handley and Michael Serruya, and Swisher Hygiene, Inc., nominal defendant* (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Swisher is named as a nominal defendant in the State Court Action.

3. The Complaint purports to assert claims derivatively on behalf of Swisher for contribution based upon the alleged misconduct of the individual defendants in connection with the events leading up to Swisher's restatement of its first, second and third quarter 2011 financials – which, in turn, have subjected Swisher to multiple federal lawsuits.

4. The Complaint alleges that on May 28, 2012, Swisher announced that its previously issued financial statements for the first three quarters of 2011 should no longer be relied upon. Compl. ¶¶ 40-41.

5. On this news, Plaintiff alleges that Swisher's stock price declined (Compl. ¶ 42), and multiple federal class action and derivative lawsuits were filed alleging that Swisher's previous statements about its first, second and third quarter financials were materially false and misleading. *See* Compl. ¶ 59 ("The Individual Defendants' illegal actions and course of conduct have subjected Swisher to multiple class action lawsuits for violations of the federal securities laws, which were consolidated as multidistrict

2

litigation in the district court for the Western District of North Carolina on August 13, 2012, under case number MDL-02384."). *See also* Compl. ¶ 8 ("The Individual Defendants' illegal actions and course of conduct have subjected Swisher to a consolidated class action lawsuit for violations of the federal securities laws."); Compl. ¶ 69 ("[A]s a result of the Individual Defendants' illegal actions and course of conduct, the Company is now the subject of a class action lawsuit that alleges violations of the federal securities laws."); Compl. ¶ 75 ("As a result of the Individual Defendants' wrongful conduct, Swisher disseminated false and misleading statements. The improper statements have devastated Swisher's credibility. Additionally, Swisher is now the subject of a securities fraud class action lawsuit."); Compl. ¶ 88 ("Although the Demand Refusal states that the Board considered numerous factors, including the pending consolidated securities class and derivative action filed in federal court . . . .").

6.  The Complaint explicitly relies on these lawsuits – and, in particular, the consolidated class action styled *In re Swisher Hygiene, Inc. Securities and Derivative Litigation*, filed on April 24, 2013, in the United States District Court for the Western District of North Carolina against Swisher, Steven Berrard, Michael Kipp and Hugh Cooper. *See, e.g.*, Compl. ¶ 59. Among other things, the complaint in *In re Swisher Hygiene* centers on the restatement of Swisher's first, second and third quarter 2011 financial results.

7.  As the basis for a claim for contribution, Plaintiff alleges that, as a result of the individual defendants' wrongdoing, Swisher has expended – and will continue to expend – significant amounts of money on defense costs in the lawsuits, for which it is entitled to recover. *See, e.g.*, Compl. ¶ 59 ("Swisher has expended, and will continue to

3

expend, significant sums of money to defend the Company in the litigation."); Compl. ¶ 8 ("Swisher has expended, and will continue to expend, significant sums of money to rectify the Individual Defendants' wrongdoing."); Compl. ¶ 9 ("Plaintiff therefore brings this shareholder derivative action (i) to recover for the Company those losses caused by the Individual Defendants' . . . ."); Compl. ¶ 61 ("Plaintiff brings this shareholder derivative action (i) to recover for the Company those losses caused by the Individual Defendants' . . . ."); Compl. ¶ 69 ("Swisher has expended, and will continue to expend, significant sums of money to rectify Defendants' wrongdoing."); Compl. ¶ 75 ("The Company will face substantial costs in connection with an investigation and the lawsuit."); Compl. ¶ 77(a) ("Further, as a direct and proximate result of the Individual Defendants' conduct, Swisher has expended and will continue to expend significant sums of money. Such expenditures include, but are not limited to: (a) costs incurred in investigating and defending Swisher and certain officers in a class action lawsuit, plus potentially hundreds of millions of dollars in settlement or to satisfy an adverse judgment.").

8. For the reasons explained below, the State Court Action is properly removable under 28 U.S.C. §§ 1331 and 1441 because the claims asserted therein arise under the laws of the United States.

## FEDERAL QUESTION JURISDICTION

9. The State Court Action is removable under 28 U.S.C. §§ 1331 and 1441 because the claims asserted therein arise under the Securities Exchange Act of 1934 (the "Exchange Act").

10. The Complaint seeks contribution on Swisher's behalf from the individual defendants in connection with lawsuits that have caused Swisher to "expend[], and . . . continue to expend, significant sums of money to rectify the Individual Defendants'

4

wrongdoing." Compl. ¶ 8. The consolidated class action to which the Complaint explicitly refers asserts claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

11. Contribution claims are subject to exclusive federal jurisdiction. The Supreme Court has held that Section 10(b) contains an implied right to contribution for violations under that section. *Musick, Peeler & Garrett v. Employers Ins. of Wausau*, 508 U.S. 286, 298 (1993) (holding that Section 10(b) of the Exchange Act provides a right to contribution for "[t]hose charged with liability in a 10b-5 action . . . against other parties who have joint responsibility for the violation").

12. And, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") has created a comprehensive regime governing proportionate liability including, among other things, contribution claims. *See* 28 U.S.C. § 78u-4(f).

13. Indeed, the Fourth Circuit has held that federal courts have exclusive jurisdiction over claims for contribution brought in connection with class action claims asserting violations of Section 10(b). In *Gross v. Weingarten*, the Fourth Circuit observed that because allegations of violations of Section 10(b) and Rule 10b-5 are subject to exclusive federal jurisdiction, a contribution claim based on such liability is likewise subject to exclusive federal jurisdiction. 217 F.3d 208, 224 (4th Cir. 2000) ("A 10b-5 contribution claim, just like a direct 10b-5 claim, alleges a violation of the regulations promulgated under Title 15, chapter 2B, and therefore is subject to exclusively federal jurisdiction under 15 U.S.C. § 78aa."). The Fourth Circuit held in *Gross*, among other things, that the district court erred in dismissing on abstention grounds a contribution

5

claim predicated on violations of securities laws, because the contribution claim "is subject to exclusively federal jurisdiction." *Id.* at 223-24. *See also Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 27 (1st Cir. 1990) ("[A] right to contribution for liability arising from a violation of a federal statute is a matter of federal law."); *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1985) ("Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law.").

14. For these reasons, Plaintiff's request, on behalf of Swisher, for contribution is a federal claim that is necessarily asserted in federal court. Plaintiff's claim for contribution on behalf of Swisher is therefore removable pursuant to 28 U.S.C. §§ 1331 and 1441.

15. Furthermore, Plaintiff's Complaint reflects that Plaintiff's claims implicate significant federal issues. The resolution of Plaintiff's contribution claims necessarily depends upon a finding of liability under federal law. Indeed, Plaintiffs' first Prayer for Relief is for the "amount of damages sustained by the Company as a result of the Individual Defendants' *violations* of federal securities laws . . . ." Compl. p. 37 (emphasis added). The question of whether Plaintiff, on behalf of Swisher, may prevail on his claims for contribution requires that there actually be a finding of liability under the federal securities laws. As claims under the Exchange Act are subject to exclusive federal jurisdiction, the determinations of liability that are the necessary predicates for the contribution claim necessarily raise substantial questions of federal law which cannot be determined by the North Carolina State Court. *See, e.g.*, U.S.C. § 78u-4(f)(2)(A) (providing that "[a]ny covered person against whom a final judgment is entered in a

6

Case 3:13-cv-00449-GCM   Document 1   Filed 08/07/13   Page 6 of 10

private action shall be liable for damages jointly and severally *only if the trier of fact specifically determines that such covered person knowingly committed a violation of securities laws*.") (emphasis added).

16. Thus, Plaintiff's claims are removable pursuant to 28 U.S.C. §§ 1331 and 1441 because they raise substantial issues of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005) ("[T]his Court has also long recognized that [federal question] jurisdiction will lie over some state-law claims that implicate significant federal issues."). It is a "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

17. The Complaint was filed on July 11, 2013. On August 1, 2013, Swisher agreed to accept service of the Complaint. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of service on Swisher and is, therefore, timely. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

18. True and correct copies of all process, pleadings and orders served upon Swisher in the State Court Action are attached hereto as Exhibit A.

19. Upon information and belief, none of the individual defendants have been served with the Complaint.

20. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embraces the place where the State Court Action is pending – the General Court of Justice, Superior Court Division, Mecklenburg County. Thus, it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1446.

21. This is a civil action in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 in that Plaintiff's claims allege issues of federal law and, specifically, the Exchange Act.

22. Swisher submits this Notice of Removal without conceding that Plaintiff has standing or that Plaintiff has pled any valid claims upon which relief can be granted, without waiving any procedural or substantive rights or defenses, and without admitting Plaintiff is entitled to any relief whatsoever.

23. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Swisher will give written notice to all adverse parties and will file a copy of this Notice of Removal with the State of North Carolina, General Court of Justice, Superior Court Division.

24. No previous application has been made by Swisher for this or similar relief.

WHEREFORE, for the reasons stated herein, Swisher respectfully prays that the State Court Action be removed from the General Court of Justice, Superior Court Division, Mecklenburg County, State of North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division, and that this Court proceed as if this matter had been originally instituted with this Court, and for any such further relief that this Court deems just and proper.

|  |  |
|---|---|
|  | s/James P. McLoughlin, Jr.<br>James P. McLoughlin, Jr.<br>N.C. State Bar No. 13795<br>Valecia M. McDowell<br>N.C. State Bar No. 25341<br>Jonathan M. Watkins<br>N.C. State Bar No. 42417<br>MOORE & VAN ALLEN PLLC<br>Bank of America Corporate Center<br>100 North Tryon Street, Suite 4700<br>Charlotte, North Carolina  28202<br>(704) 331-1000<br>jimmcloughlin@mvalaw.com<br>valeciamcdowell@mvalaw.com<br>watkinsj@mvalaw.com |
| Jay B. Kasner<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP,<br>Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br>jay.kasner@skadden.com | Paul J. Lockwood<br>Alyssa S. O'Connell<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Rodney Square<br>920 King Street<br>Wilmington, Delaware  19801<br>(302) 651-3000<br>paul.lockwood@skadden.com<br>alyssa.oconnell@skadden.com |

*Counsel for Swisher Hygiene, Inc.*

DATED:  August 7, 2013

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and I have served a copy of same upon all parties to this action by depositing the copy in a depository under the exclusive care and custody of the United States Postal Service in a postage prepaid envelope and properly addressed as follows:

Norris A. Adams, II
Marc E. Gustafson
ESSEX RICHARDS, P.A.
1701 South Blvd.
Charlotte, North Carolina 28203

Frank J. Johnson
Brett M. Weaver
Cecilia E. Rutherford
JOHNSON & WEAVER, LLP
110 West "A" Street, Suite 750
San Diego, California 92101

*Counsel for Plaintiff*

The undersigned also certifies that a true copy of the foregoing **NOTICE OF REMOVAL** has been sent to the clerk of the State court for filing pursuant to 28 U.S.C. § 1446(d).

This the 7th day of August, 2013.

s/James P. McLoughlin, Jr.